IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT KARL and DENISE KARL,

                              Plaintiffs,

                v.                                                           OPINION and ORDER

UNITED STATES OF AMERICA and                                                 22-cv-136-jdp
RENEE VOSBERG,

                              Defendants.

---

This case arises from a Farm Services Agency loan to fund the purchase of a farm by plaintiffs, Robert and Denise Karl. The Karls agreed with the seller to rescind the purchase, but the FSA had already disbursed the funds to the seller, leaving the Karls with a repayment obligation but no farm. The Karls allege that defendant Renee Vosberg, an FSA loan officer, violated the terms of the loan agreement by releasing the funds to the seller without the Karls' approval. The Karls, appearing pro se, bring multiple claims against Vosberg and the United States.

Defendants move to dismiss some of the Karls' claims. Dkt. 10. I will grant the motion. The Court of Federal Claims has exclusive jurisdiction over contract claims against the United States if the damages exceed $10,000, so I must dismiss the Karls' contract claims against the government for lack of jurisdiction. I will dismiss the Karls' claims under the Truth in Lending Act because that statute does not apply to agricultural loans. I will dismiss all claims against Vosberg: the contract claims because she was not a party to the loan contract, and the tort claims because the Federal Tort Claims Act cannot be used to sue individual government employees. The bottom line is that the Karls can proceed in this court with tort claims and a

claim under the Equal Credit Opportunity Act against the United States, but their contract claims would have to be brought in the Court of Federal Claims.

BACKGROUND

I draw the following facts from the Karls' amended complaint. Dkt. 4. For the purposes of deciding the motion to dismiss, I must accept the Karls' plausible factual allegations as true and draw all reasonable inferences in their favor. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

The Karls applied for a loan from the Department of Agriculture's Farm Service Agency to purchase a farm in Muscoda, Wisconsin. The FSA approved the Karls' application and provided them with a document that stated that the release of funds was subject to the Karls and the FSA agreeing on the terms of conditions of the loan. The Karls signed the document and returned it to the FSA. The Karls began working with defendant Renee Vosberg, an FSA loan officer, to prepare for the purchase.

Prior to closing on the farm, the Karls discovered that some of the farmland was not tillable and that the seller had left trash and personal property on the premises. On the day of the closing, the Karls told Vosberg that they no longer wished to purchase the farm because of those issues. Vosberg told the Karls that the loan funds had already been wired to the seller. The Karls believed that it was too late to walk away from the transaction because the money had already been sent to the seller, so they executed the closing documents.

Soon after, the Karls and the seller agreed to rescind the sales contract. The Karls informed the FSA of the recission and demanded that their loan funds be returned. The FSA did not do so.

2

ANALYSIS

The Karls assert claims against the United States and Vosberg under several legal theories: breach of contract, seven different torts, and violations of the Truth in Lending Act and the Equal Credit Opportunity Act. (As the court reads the amended complaint, the Equal Credit Opportunity Act claim is alleged against the United States only.) Defendants move to dismiss the Karls' breach of contract claims against the government for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendants also move under rule 12(b)(6) to dismiss the Karl's claims under the Truth in Lending Act and all claims against Vosberg. Defendants do not seek dismissal of the Karls' Equal Credit Opportunity Act claim or the tort claims against the United States.

## A.  Jurisdiction over the breach of contract claims

The Karls assert claims for breach of contract and breach of the implied duty of good faith and fair dealing against defendants for releasing the loan funds without the Karls' consent. Under Wisconsin law, a breach of the implied duty of good faith is a breach of contract. *Foseid v. State Bank of Cross Plains*, 197 Wis. 2d 772, 541 N.W.2d 203, 212 (Ct. App. 1995). The Karls' contract claims against the government must be dismissed for lack of jurisdiction. Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over breach of contract claims against the United States where the plaintiff seeks more than $10,000 in damages. 28 U.S.C. § 1491(a)(1); *Midwest Knitting Mills v. United States,* 950 F.2d 1295, 1301 (7th Cir. 1991).

Here, the Karls seek a total of $571,139.04 in damages for all of their claims. Dkt. 4, ¶ 59. The Karls don't explicitly state how much they seek in damages on each claim. But they allege that the value of the loan was $295,000, *id.,* ¶ 10, and they don't dispute the

government's assertion that the value of their contract claims exceeds $10,000. Moreover, the party asserting federal subject-matter jurisdiction has the burden to show that jurisdiction is proper. *Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010). The Karls chose to bring their breach of contract claims in this court, so they would have to allege facts showing that those claims do not exceed $10,000 in damages. *See Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 697 (N.D. Ill. 2020). Here, the Karls haven't pleaded any such facts, so they haven't shown that this court has jurisdiction over those claims.

The Karls make two arguments to resist this conclusion. First, they contend that the court has jurisdiction over the contract claims because the breach was caused by the tortious civil conspiracy between Vosberg, the FSA, and the seller to transfer the Karls' loan funds without their consent. The Federal Tort Claims Act (FTCA) allows parties to sue in federal courts for torts committed by the United States. 28 U.S.C. § 1346. But even though the alleged breach is related to tortious activity, the tort and the breach are two distinct harms. "It is settled that claims founded upon an alleged failure to perform contractual obligations are not deemed 'tort' claims for the purposes of the division between Tort Claims Act and Tucker Act jurisdiction." *Tannenbaum v. Envirodyne Eng'rs, Inc.*, 609 F. Supp. 931, 933 (N.D. Ill. 1985) (citing *Blanchard v. St. Paul Fire & Marine Insurance Co.*, 341 F.2d 351 (5th Cir. 1965)). The Karls' claims about whether the government met its contractual obligations by releasing the loan funds are governed by the Tucker Act, not the FTCA.

Second, the Karls appeal to the general principle that they are entitled to their day in court, citing both the U.S. and Wisconsin constitutions. But dismissing the breach of contract claims for lack of jurisdiction does not prevent the Karls from pursuing those claims in another forum. This court has limited jurisdiction: it can only hear those cases authorized by statutes

and the Constitution. *United States v. Alkaramla*, 872 F.3d 532, 534 (7th Cir. 2017). And here, exclusive authority to hear the Karls' contract claims lies with the court of Federal Claims, not with this court.

The Karls request that if I conclude that this court lacks jurisdiction over their contract claims, I transfer the contract claims to the appropriate court instead of dismissing them outright. But under 28 U.S.C. § 1500, the Court of Federal Claims "has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011). Two suits are for or in respect to the same claim if the suits are based on substantially the same operative facts, even if the two suits seek different types of relief. *Id.* at 317. The Karls' tort claims and contract claims are both based on allegations that the FSA released the Karls' loan funds without their consent, so the Court of Federal Claims would likely dismiss their contract claims so long as their related tort claims were pending in this court. I cannot transfer the entire case to the Court of Federal Claims because that court does not have jurisdiction to hear tort claims brought under the FTCA. *United States Marine, Inc. v. United States*, 722 F.3d 1360, 1366 (Fed. Cir. 2013); *Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir. 2015).

That puts the Karls in a difficult position: their FTCA claims must be tried in a district court, *see United States Marine,* 722 F.3d at 1371, and their contract claims must be tried in the Court of Federal Claims. But the Court of Federal Claims will likely dismiss their contract claims if their other claims are still pending in this court. With that in mind, I will dismiss the breach of contract claims without prejudice for lack of jurisdiction. *See Citadel Sec., LLC v, Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (dismissal for lack of jurisdiction is without prejudice).

5

The Karls will have to decide how to proceed with their contract claims. The Karls may, if they wish, file a second amended complaint in this court that waives any claim for contract relief in excess of $10,000. *See Hardiman*, 455 F. Supp. at 697 n.4; *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009) ("Parties may waive their right to receive more than $10,000 in order to satisfy the Little Tucker Act and obtain jurisdiction in the district court."). Or the Karls may seek full recovery on their contract claims by bringing those claims in the Court of Federal Claims, even though the Court of Federal Claims may dismiss their contract claims for lack of jurisdiction while the related claims are pending in this court.

**B.  Failure to state a claim**

Defendants move to dismiss several of the Karls' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. To survive a 12(b)(6) motion, the Karls must allege facts to state a plausible claim for relief, meaning facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate." *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017) (internal quotation marks omitted).

**1.  Truth in Lending Act claims**

The Karls contend that Vosberg and the FSA violated the Truth in Lending Act (TILA) by failing to provide them with an "accurate Closing Disclosure" prior to closing. Dkt. 4, ¶ 109. The government moves to dismiss the Karls' TILA claims on two grounds. First, TILA cannot be used to sue the United States for civil damages. 15 U.S.C. § 1612(b) ("No civil or criminal penalty provided under this subchapter for any violation thereof may be imposed upon the

United States or any department or agency thereof . . . ."). Second, TILA does not apply to "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 15 U.S.C. § 1603(1).

As for the first ground, the Karls do not dispute that they cannot receive damages against the government under TILA. But that is not the only remedy that the Karls seek for their TILA claims: they also seek recission of the loan pursuant to 15 U.S.C. § 1635. The government contends that the Karls' loan may not be rescinded because consumers do not have a right to rescind "residential mortgage transaction[s]." 15 U.S.C. § 1635(e)(1). Residential mortgage transactions are transactions "in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). The government contends that the Karls' FSA loan is a residential mortgage transaction because their farm "appears to include a house." Dkt. 11, at 10. But the Karls don't expressly allege that the farm included a dwelling or that they planned to reside on the property. In deciding a motion to dismiss, I cannot draw inferences in favor of the moving party, so I will not dismiss the Karls' TILA claims on the ground that their FSA loan was a residential mortgage transaction.

But I will dismiss the Karls' TILA claims on the second ground: that the loan was primarily for an agricultural purpose. The Karls allege that they "intended to operate a farm on the property" and worked with FSA to develop a "Farm Business Plan" prior to purchase. Dkt. 4, ¶ 11. The Karls' allegations do not plausibly suggest that TILA applies to their farm loan, so the claims will be dismissed with prejudice. Generally, a court should give plaintiffs leave to amend after granting a motion to dismiss "[u]nless it is certain from the face of the complaint that amendment would be futile." *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d

338, 347 (7th Cir 2018) (internal quotation marks omitted). But here it is not possible that the Karls could allege additional facts showing that their FSA-guaranteed loan was not primarily for an agricultural purpose.

### 2. Claims against Vosberg

Defendants seek to dismiss all claims against Vosberg. As for the breach of contract claims, "as a basic principle of contract law, a non-party cannot be held liable for a breach of contract." *Northbound Grp., Inc. v. Norvax, Inc.*, 795 F.3d 647, 651 (7th Cir. 2015) (quoting *Phillips v. WellPoint Inc.*, No. 10-CV-00357-JPG 2012 WL 6111405, at *9 (S.D. Ill. Dec. 10, 2012)). Here, the Karls expressly allege that the contract at issue was with the FSA and the Department of Agriculture, not with Vosberg herself. Dkt. 4, ¶ 14. Although Vosberg acted as the United States' agent in arranging the loan, "where an agent merely contracts on behalf of a disclosed principal, the agent does not become personally liable to the other contracting party." *Benjamin Plumbing, Inc. v. Barnes*, 162 Wis. 2d 837, 848, 470 N.W.2d 888, 893 (1991). Because the plaintiffs' own allegations show that Vosberg was not a party to the contract, the Karls' contract claims against her must be dismissed. The Karls could not plead any additional facts consistent with their original complaint that would state a plausible breach of contract claim against Vosberg, so the dismissal will be with prejudice.

As for the tort claims, the Federal Tort Claims Act provides the exclusive remedy for "injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The proper defendant in a suit under the Federal Tort Claims Act is the United States; suits against individual federal employees for the same acts are prohibited. *Id*. Here, the Karls expressly allege that Vosberg was acting within the scope of her employment

with the FSA when she committed each of the alleged torts. *See* Dkt. 4, ¶¶ 74, 78, 83, 90, 97, 102. So the claims against Vosberg in her individual capacity must be dismissed with prejudice. The Karls may continue on their tort claims against the United States itself.

CONCLUSION

I will dismiss all claims against Vosberg with prejudice. I will dismiss the Karls' TILA claims against both defendants with prejudice. I will dismiss the Karls' contract claims against the United States without prejudice for lack of jurisdiction. If they wish, the Karls may refile their contract claims in the court of Federal Claims or file an amended complaint in this court waiving their right to recover more than $10,000 for those claims.

If the Karls do not file an amended complaint waiving any contract relief in excess of $10,000, the case will proceed solely on the Karls' tort claims and the Equal Credit Opportunity Act claim against the United States.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss plaintiffs' complaint in part, Dkt. 10, is GRANTED.

2. Plaintiffs' claims against defendant Vosberg are DISMISSED with prejudice.

3. Plaintiffs' claims for violations of the Truth in Lending Act are DISMISSED with prejudice.

4.  Plaintiffs' contract claims against the United States are DISMISSED without prejudice for lack of jurisdiction. If the Karls wish to have their contract claims heard in this court, they may have until January 19, 2023, to submit an amended complaint waiving their right to recover more than $10,000 on their contract claims.

Entered December 29, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

10